```
                                FILED
                              APR - 1 2002
                          CLERK, U.S. DISTRICT COURT
                          EASTERN DISTRICT OF CALIFORNIA
                          BY_____
                               DEPUTY CLERK
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----ooOoo----

BRENDA PICKERN,

        Plaintiff,

  v.

BEST WESTERN TIMBER COVE LODGE MARINA RESORT, et al.,

        Defendants.

NO. CIV. S-00-1637 WBS/DAD

MEMORANDUM AND ORDER RE: TIMBER COVE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; TIMBER COVE DEFENDANTS' MOTION FOR RECONSIDERATION; FIRST RESORT'S MOTION TO DISMISS

----ooOoo----

        Plaintiff alleges that defendants violated Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and various California statutes. Defendants Best Western Timber Cove Lodge, Robert Maloff, Lisa Maloff, George Karadanis and Elise Karadanis (collectively, the "Timber Cove defendants") now move for summary judgment on the ADA claim on the grounds that it is moot, and request that the court dismiss the remaining state claims. Defendant First Resorts Hotel and Restaurant Services of Lake Tahoe ("First Resorts") moves to dismiss the

case, also on the grounds that it is moot.[1] Plaintiff agrees that her ADA claim is moot, but argues that this court should retain jurisdiction over the state claims.

I. Factual and Procedural Background

Plaintiff is a person with disabilities who requires a wheelchair for mobility. (Pickern Decl. ¶ 1.) The Timber Cove Defendants allegedly own and operate the Best Western Timber Cove Lodge in Lake Tahoe ("Timber Cove"). First Resorts leases space from the Timber Cove defendants, including the restaurant formerly known as "Angie's Café," the Marina boathouse, and a wedding chapel. (Mozzochi Decl. ¶¶ 2, 3.)

After encountering a number of barriers to access at the restaurant, marina, and in the hotel generally while visiting Timber Cove, plaintiff sued defendants. Her lawsuit seeks injunctive relief under the ADA, and damages under the California Disabled Persons Act, Cal. Civ. Code § 54 et seq., the Unruh Civil Rights Act, Cal. Civ. Code § 51, et seq., and California Health & Safety Code § 19955, et seq.

Since plaintiff initiated her lawsuit, the Timber Cove defendants have made numerous alterations and repairs to the hotel, restaurant, and marina in an effort to remove the barriers to access identified by plaintiff. On December 21, 2001, the

---

[1] Because First Resorts has submitted materials outside of the pleadings in support of its motion to dismiss, (See Mozzochi Decl.), the court treats the motion to dismiss as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996)("A motion to dismiss . . . must be treated as a motion for summary judgment . . . if either party to the motion to dismiss submits materials outside the pleadings . . . and if the district court relies on those materials").

1  Timber Cove defendants filed a motion for summary judgment
2  arguing, among other things, that plaintiff's claim for
3  injunctive relief under the ADA was moot. Although the Timber
4  Cove defendants had remedied most of plaintiff's concerns, this
5  court denied the motion on the grounds that a triable issue of
6  fact existed as to whether barriers to access remained in the
7  bathrooms of rooms 315 and 318 at Timber Cove. See Pickern v.
8  Best Western Timber Cove Lodge, No. Civ. S 00-1637 WBS DAD, 2002
9  WL 202442 (E.D. Cal. Jan 15, 2002)(hereinafter "Pickern I").
10 Specifically, there was a disputed, material question of fact as
11 to whether there was adequate turning space in these bathrooms,
12 and whether removal of this barrier would be readily achievable
13 by taking out the existing bathtubs and installing prefabricated
14 roll-in showers. See id.
15         After this court's ruling, the Timber Cove defendants
16 removed the bathtubs in rooms 315 and 318, installed pre-
17 fabricated roll-in showers, and again moved for summary judgment
18 on the grounds that plaintiff's ADA claim is moot. (Maloff Decl.
19 ¶¶ 3,4).[2] At approximately the same time, First Resorts filed a
20 motion to dismiss (properly characterized as a motion for summary
21 judgment) on the grounds that all of plaintiff's concerns
22 regarding the marina and restaurant have been addressed and
23 corrected, and are therefore moot. (See Mozzochi Decl. ¶6.)
24         Plaintiff concedes, as she must, that defendants'

---

[2] The Timber Cove defendants also brought a motion for reconsideration of this court's order denying summary judgment. Because the Timber Cove defendants are entitled to summary judgment for the reasons set forth in the body of this order, the motion for reconsideration shall be denied as moot.

3

latest remedial efforts have rendered her ADA claim for injunctive relief moot. (Pl's Opp'n at 3.)("[P]laintiff is satisfied that her equitable claims have been resolved in their entirety."); see Friends of the Earth, Inc. v. Laidlaw Envionmental Services, 528 U.S. 167, 190 (2000)(a claim for injunctive relief is moot if "it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to occur"). Therefore, the only issue before the court is whether to retain jurisdiction over the state law claims.[3]

II. Discussion

   A.  Federal Question Jurisdiction

       Plaintiff contends that this court has federal question jurisdiction over her state claims for damages. A court has federal question jurisdiction over a claim if: 1) federal law creates the cause of action; 2) under the artful pleading doctrine, the plaintiff's state law claims should be recharacterized as federal claims; or 3) one or more of the state law claims necessarily turns on the construction of a substantial, disputed federal question. Rains v. Criterion Systems, Inc., 80 F.3d 339, 343 (9th Cir. 1996).

       Plaintiff's contention is that federal question jurisdiction exists because her state law claims turn on a "substantial, disputed federal question" of whether defendants violated the ADA. After the ADA was passed in 1990, the California Disabled Persons Act and the Unruh Civil Rights Act

---

[3] In its motion to dismiss, First Resorts discusses the merits of plaintiff's request for attorneys' fees. Plaintiff has not brought a motion for attorneys' fees, and therefore the issue is not before the court.

were amended to provide that a violation of the ADA constitutes a violation of their provisions. See Cal. Civ. Code § 54.1(d); Cal. Civ. Code § 51(f). Thus, a plaintiff whose rights are violated under the ADA may now seek damages under the California statutes. Boemio v. Love's Restaurant, 954 F. Supp. 208-09 (S.D. Cal. 1997). Plaintiff argues that after the incorporation of the ADA into state law, federal question jurisdiction exists any time an ADA violation provides the only basis for the state claim.[4]

Plaintiff initially raised this argument in connection with the Timber Cove defendant's first motion for summary judgment. In ruling on that motion, this court found that there was federal question jurisdiction over the state claims. It was not necessary for the court at that time to address the issue of federal question jurisdiction over the state claims, however. Because the Timber Cove defendants' initial motion for summary judgment on the ADA claim was denied, the state claims would have remained in the case on either supplemental jurisdiction or federal question jurisdiction. Any pronouncement this court made in that previous order concerning federal question jurisdiction

---

[4] State claims may be premised on violations of the California Building Code, as well as violations of the ADA. See Cal. Civ. Code § 54; Cal. Health & Safety Code § 19955; Cal. Code Regs Title 24 § 1134B.1,2. However, some state claims may be based exclusively on ADA violations. The ADA requires existing facilities to remove barriers to access so long as removal is readily achievable, regardless of whether the facility has been altered. 42 U.S.C. § 12182(b)(2)(A)(iv). Because the California Building Code does not require facilities that pre-date its enactment to comply with its regulations unless and until the facility is altered, see Cal. Code Regs Title 24 § 1134B.1,2, its requirements are less stringent than those of the ADA. Therefore, existing facilities that have not been altered may violate the ADA but not the California Building Code. Timber Cove, which was constructed in 1973 and never altered, is such a facility.

over the state claims is therefore dictum. Now that the issue is squarely before the court, it is clear that the court does <u>not</u> have federal question jurisdiction over the state law claims.

The fact that an ADA violation may serve as an element of a state law claim does not automatically confer federal question jurisdiction. Unlike the California Disabled Persons Act and the Unruh Civil Rights Act, both of which provide damages for violations, the only remedy available to a private plaintiff under the ADA is injunctive relief. 42 U.S.C. § 12188(a)(2). In <u>Merrell Dow Pharmaceuticals Inc. v. Thompson</u>, 478 U.S. 804, 814 (1986), the Supreme Court reasoned that a determination by Congress that there should be no federal remedy for the violation of a federal statute "is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." <u>Id.</u>

<u>Merrell Dow's</u> reasoning was extended to a case brought under the ADA in <u>Jairath v. Dyer</u>, 154 F.3d 1280, 1281 (11th Cir. 1998). There, the plaintiff filed a suit for damages in state court under a state statute that incorporated the ADA. <u>Id.</u> at 1281. The defendant removed the case to federal court on the ground that it involved a substantial question of federal law. <u>Id.</u> The district court denied the plaintiff's motion to remand and later granted the defendant's summary judgment motion. <u>Id.</u>

The Eleventh Circuit concluded that the district court erred in denying the remand motion, reasoning that the court did not have federal question jurisdiction over plaintiff's state suit. The appellate panel noted that the plaintiff could not

6

have pursued injunctive relief under the ADA because he did not have standing, given that he did not express an intention to seek the defendant's services in the future. Id. at 1283 & n.7. Therefore, the only remedy available to the plaintiff was a private damage remedy which was not available under the ADA. The court reasoned that Congressional intent not to provide a damages remedy for an ADA violation suggests that Congress did not consider that such a violation would create a "substantial" federal question sufficient to confer federal jurisdiction. Id. (citing Merrell Dow, 478 U.S. at 814).

In a recent Northern District of California case in which plaintiff is a party, Judge Illston applied Jairath and Merrell Dow to circumstances similar to those presented here. Pickern v. Stanton's Restaurant & Woodsman, No. C 01-2112 SI, 2002 WL 143817 (N.D. Cal. Jan. 29, 2002)(hereinafter "Pickern II"). The parties in that case settled the ADA claim, leaving the state claims for damages and attorney's fees outstanding. The court concluded that allegations of ADA violations as an element of a state claim for damages were insufficient to support federal question jurisdiction. See id. 2002 WL 143817, at *3.

Judge Illston's analysis in Pickern II is persuasive. Federal courts clearly have a strong interest in resolving disputed issues of federal law. See Merrell Dow, 478 U.S. at 828 (Brennan, J., dissenting)("[T]he possibility that the federal law will be incorrectly interpreted in the context of adjudicating cases involving federal questions [incorporated into state law] implicates the concerns that led Congress to grant the district courts power to adjudicate federal questions . . . ."). However,

7

questions of damages will often involve issues wholly unrelated to the interpretation of the ADA. Damages for emotional distress, for example, require testimony regarding the effect of the defendant's actions on the plaintiff's mental and emotional health. Daily deterrence damages, which have been recognized by this court and others as a valid measure of damages under the ADA, see Loskot v. Lulu's Restaurant, No. Civ. S-00-1497 WBS PAN (E.D. Cal. Nov. 15, 2000); Arnold v. United Artists Theatre Circuit, Inc., 866 F. Supp. 433 (N.D. Cal. 1994), require plaintiffs to prove that they were deterred on a particular occasion from attempting to attend a place of public accommodation. See id. This inquiry involves as much an examination of the plaintiff's mental state as it does an examination of the extent of the alleged ADA violations. Thus, the question of damages becomes the tail that wags the dog of the ADA issues. Though the ADA issues may be disputed, they are not "substantial" enough in the context of a claim for damages to confer federal question jurisdiction.[5]

---

[5] State law provides for injunctive relief as well as damages, see Cal. Civ. Code § 52.1(b), and it is possible for a state law claim for injunctive relief to be premised solely on a violation of the ADA. Such a claim would be no different from a federal ADA claim. Federal question jurisdiction must exist in those circumstances. Simply by incorporating the ADA into state law, state legislatures cannot divest the federal courts of original jurisdiction over state claims that are, for all intents and purposes, federal ADA claims. State claims for damages, on the other hand, are not identical to federal ADA claims for injunctive relief. Thus, federal courts would have original jurisdiction over state claims for injunctive relief, and supplemental jurisdiction over state claims for damages. This observation, though theoretically interesting, is of little practical consequence. A plaintiff would be unlikely to bring a state claim but not a federal claim for injunctive relief premised on ADA violations. In addition, if a plaintiff brought

1    Moreover, this court has serious concerns about the
2 constitutional implications of adopting plaintiff's view that
3 state damages claims based on the ADA create federal question
4 jurisdiction. Such a rule would have the impermissible effect of
5 allowing state legislation to expand the jurisdiction of the
6 federal courts. See Burford v. Sun Oil Co., 319 U.S. 315, 317
7 (1943)(stating that a state legislature "may not make a federal
8 district court, a court of original jurisdiction, into an
9 appellate tribunal or otherwise expand its jurisdiction"). The
10 court accordingly concludes that it has supplemental, not federal
11 question, jurisdiction over the state law claims for damages.
12 See 28 U.S.C. § 1367(a).

   B.   Supplemental Jurisdiction

14    Under 28 U.S.C. § 1367(c)(3), the court has discretion
15 to dismiss state law claims when it has dismissed all of a
16 plaintiff's federal claims. Plaintiff argues that this court
17 should retain jurisdiction over the state claims because
18 requiring plaintiff to re-file in state court will be
19 inconvenient and will delay the case unnecessarily.

20    Factors for the court to consider in deciding whether
21 to dismiss supplemental state claims include economy,
22 convenience, fairness, and comity. Imagineering, Inc. v. Kiewet
23 Pacific Co., 976 F.2d 1303, 1309 (9th Cir. 1992) "[I]n the usual
24 case in which federal law claims are eliminated before trial, the

---

both federal and state claims for injunctive relief, and the
federal claim was dismissed for mootness or lack of standing, the
same would be true for the state claim. The question of original
jurisdiction over a state claim for injunctive relief is
therefore unlikely to arise.

1 | balance of factors . . . will point toward declining to exercise
2 | jurisdiction over the remaining state law claims."  <u>Reynolds v.</u>
3 | <u>County of San Diego</u>, 84 F.3d 1162, 1171 (9th Cir. 1996) <u>overruled</u>
4 | <u>on other grounds by</u> <u>Acri v. Varian Assoc.'s, Inc.</u>, 114 F.3d 999,
5 | 1000 (9th Cir. 1997).  Some circuits have held that a court may
6 | retain jurisdiction over state law claims if extraordinary or
7 | unusual circumstances justify their retention.  <u>See</u>, <u>e.g.</u>,
8 | <u>Wentzka v. Gellman</u>, 991 F.2d 423, 425 (7th Cir. 1993); <u>Musson</u>
9 | <u>Theatrical, Inc. v. Federal Express Corp.</u>, 89 F.3d 1244, 1255
10 | (6th Cir. 1996).

11 |         While the court recognizes that litigation of a new
12 | suit in state court may create some inconvenience to plaintiff,
13 | plaintiff has made no showing of extraordinary or unusual
14 | circumstances.  Accordingly, the court declines to exercise
15 | supplemental jurisdiction under 28 U.S.C. § 1367 as to the
16 | remaining state law claims.

17 |         IT IS THEREFORE ORDERED that:

18 |         (1) the Timber Cove defendants' motion for summary
19 | judgment, and First Resorts' motion to dismiss (which is properly
20 | characterized as a motion for summary judgment) be, and the same
21 | hereby are, GRANTED;

22 |         (2) the remaining state claims are DISMISSED pursuant
23 | to 28 U.S.C. § 1367(c);

24 |         (3) the Timber Cove defendants' motion for
25 | ///
26 | ///
27 | ///
28 | ///

1 reconsideration of this court's order denying the initial summary
2 judgment motion be, and the same hereby is, DENIED as moot.
3 DATED: March 29, 2002

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

```
                United States District Court
                          for the
                Eastern District of California
                       April 1, 2002


              * * CERTIFICATE OF SERVICE * *

                                    2:00-cv-01637


    Pickern

        v.

    Best Western Timber
    _____
```

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on  April 1, 2002, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

```
    Thomas Edward Frankovich              SH/WBS
    Law Offices of Thomas E Frankovich
    2806 Van Ness Avenue                  PB/DAD
    San Francisco, CA   94109

    Catherine Mary Corfee
    Cook Brown and Prager
    555 Capitol Mall
    Suite 425
    Sacramento, CA   95814

    Mark R. Mittelman
    Law Offices of Mark Mittelman
    2700 Ignacio Valley Road
    Suite 130
    Walnut Creek, CA   94598
```

                                    Jack L. Wagner, Clerk

                                    BY: _____
                                        Deputy Clerk